# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DEBORAH B. JACKSON,           )
                              )
    Plaintiff,              )
                              )
v.                            )   Case No. 14-4034-CM
                              )
U.S. DEPARTMENT OF ARMY, *et al.* )
                              )
    Defendants.             )

## REPORT AND RECOMMENDATION ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the court upon Plaintiff Deborah B. Jackson's Motion to Proceed Without Prepayment of Fees (ECF No. 3) and Motion for Appointment of Counsel (ECF No. 4). Having reviewed Plaintiff's motions, the Court is prepared to rule.

### I. Motion to Proceed *In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required fees.[1] "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2] The decision to grant or deny *in forma pauperis* status under section 1915 lies

---

[1] *United States v. Garcia*, 164 Fed. App'x. 785, 786 n.1 (10th Cir. Jan. 26, 2006); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

[2] *Barnett ex rel. Barnett v. Nw. Sch.*, No. Civ. A. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

within the sound discretion of the trial court.³ In denying these motions, however, courts must not act arbitrarily or deny the application on erroneous grounds.⁴

After careful review of the financial information provided in Plaintiff's affidavit of financial status (ECF No. 3-1), the undersigned finds Plaintiff's financial situation does not warrant a waiver of the filing fee. When evaluating a motion for leave to proceed *in forma pauperis*, courts generally seek to compare an applicant's monthly expenses to monthly income.⁵ Plaintiff and her spouse receive a sizeable amount of income from social security benefits. These benefits alone exceed her monthly expenses by more than $1,000. Additionally, Plaintiff's spouse is currently employed and receives a substantial annual salary. When considering Plaintiff's spouse's salary, Plaintiff's income exceeds her monthly expenses by more than $4,000. The court also notes that Plaintiff has no dependents, and several of her expenses appear to be discretionary. For example, her monthly expenses include payments for cable and balances owed for purchases made at Nebraska Furniture Mart, Sears, and Menards.

A court may also consider the applicant's assets (e.g., equity in real estate), not merely her income, in determining the applicant's ability to pay the filing fee.⁶ Plaintiff's affidavit states that she owns her home outright, which she estimates to have a value of $62,000. Plaintiff also affirms that she owns three automobiles with an estimated total value of $7,500. The automobiles

---

³ *Id.* (citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999)).

⁴ *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005).

⁵ *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. CIV. A. 00-2229-JWL, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000) (denying motion for *in forma pauperis* because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00.").

⁶ *Scherer v. Kansas*, No. 06-2446-JWL, 2006 WL 3147731, at *2 (D. Kan. Nov. 1, 2006).

she owns include a 1996 Chevrolet Silverado, a 1999 Mercedes 5320, and a 2007 Chrysler PT Cruiser.

Based on the foregoing analysis, the Court finds Plaintiff has sufficient resources to pay the filing fee. The undersigned Magistrate Judge recommends to the Honorable District Judge, Carlos Murguia, that Plaintiff Deborah B. Jackson's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied.[7]

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4(b), Plaintiff shall have fourteen (14) days after service of a copy of this recommendation to file any written objections to the court's recommendation. Plaintiff must file any objections within the fourteen-day period if she wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## II. Motion for Appointment of Counsel

In civil cases, there is generally no constitutional right to the appointment of counsel.[8] Nevertheless, it is within the court's discretion to "request an attorney to represent any person unable to afford counsel."[9] "This provision, however, is limited to persons proceeding *in forma pauperis* and does not provide a statutory right to counsel."[10] Because the Court recommends the

---

[7] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to *in forma pauperis* status, rather than denying the motion outright, because denial would be the functional equivalent of involuntary dismissal. *See Lister*, 408 F.3d at 1311-12.

[8] *Cox v. LNU*, 924 F. Supp. 2d 1269, 1279 (D. Kan. 2013).

[9] 28 U.S.C. § 1915(e)(1), *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. App'x 744, 749 (10th Cir. 2009) (stating that the appointment of counsel under 28 U.S.C. § 1915(e)(1) is within the broad discretion of the court).

[10] *Cox*, 924 F. Supp. 2d at 1280 (internal citations omitted); *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *3 (D. Kan. Apr. 5, 2012) (stating "[b]ecause Plaintiff is not proceeding in forma pauperis in this action, § 1915(e)(1) provides no basis for the Court to request an attorney to represent her").

denial of Plaintiff's request to proceed *in forma pauperis*, the Court finds it improper to appoint counsel under 28 U.S.C. § 1915(e).

Even if Plaintiff were proceeding *in forma pauperis*, appointment of counsel is unwarranted. When considering whether to appoint counsel for litigants proceeding *in forma pauperis*, courts must consider all relevant factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.[11] After a review of the record, the Court finds that Plaintiff is able to adequately communicate with the court and the factual and potentially the legal issues presented in this case do not appear complex on their face. Moreover, the Court has doubt about the merits of Plaintiff's claims. After careful consideration of all relevant factors, the Court denies Plaintiff's Motion for Appointment of Counsel (ECF No. 4).

A copy of this order was sent to Plaintiff Deborah B. Jackson by certified mail.

**IT IS THEREFORE RECOMMENDED** to the Honorable District Judge, Carlos Murguia, that Plaintiff Deborah B. Jackson's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied.

**IT IS FURTHER ORDERED** that Plaintiff Deborah B. Jackson's Motion for Appointment of Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2014, at Topeka, Kansas.

                                                  s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[11] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (stating that the district court has broad discretion to appoint counsel under 28 U.S.C. § 1915 and providing factors for the court to consider).